IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JACKIE K. ROBINSON | : | NO.  93-138-6 |

**MEMORANDUM AND ORDER**

STENGEL, J.                                                                                         January 8, 2009

Jackie K. Robinson is seeking a reduction in his sentence for several reasons, including the recent crack cocaine amendment.  He was sentenced on November 2, 1994 by the late Honorable James McGirr Kelly to a term of 352 months in prison.  His conviction and sentence were affirmed by the Court of Appeals for the Third Circuit on May 31, 1995.  Mr. Robinson's petition for reduction of sentence pursuant to 18 U.S.C. §3582 has been referred to me for disposition.  For the reasons set forth below, I deny the petition.

Jackie K. Robinson participated, along with 28 other individuals, in a large-scale crack cocaine distribution ring throughout Philadelphia, Delaware and Chester counties.  On September 8, 1993, Mr. Robinson pleaded guilty to one count of conspiracy to distribute cocaine base, cocaine and marijuana, one count of violating the RICO statute, and one count of using or carrying a firearm during and in relation to a drug trafficking crime.  He received a sentence of 292 months in prison on Counts One and Two and a

consecutive 60 months on Count Forty Two, the use of a firearm in relation to a drug trafficking crime (18 U.S.C. §924(c).

Mr. Robinson's petition for reduction in sentence cites 18 U.S.C. §3582(c)(2) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in § 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Robinson contends that three amendments to the Sentencing Guidelines, i.e., Amendments 599, 535 and 706 should lower his guidelines range.

Amendment 599 limits the application of certain guideline enhancements for use of a firearm in a case in which the defendant is also conviction of violated 18 U.S.C. §924(c).  Here, Mr. Robinson was sentenced to 60 months in prison on the 924(c) charge (Count 42).  He also was given a two-level enhancement in his guideline range for the drug trafficking charges in Counts One and Two.  The two-level enhancement was for possessing a dangerous weapon (USSG §2D1.1(b)(1)).  Amendment 599 directs the court not to apply this two-level enhancement for possessing a weapon in a case where the defendant is sentenced on a 924(c) charge.  This amendment was given retroactive effect on November 1, 2000.

This issue was considered by Judge James McGirr Kelly, who declined to grant Mr. Robinson relief.  On May 16, 2002, Mr. Robinson filed a request for relief and specifically cited Amendment 599.  Judge Kelly noted that Mr. Robinson was eligible for relief as a result of Amendment 599, but decided not to reduce his sentence.  See Memorandum and Order, United States v. Robinson, No. 93-cr-138-6 (E.D. Pa. September 3, 2002).  On May 1, 2003, the Court of Appeals for the Third Circuit found that Judge Kelly did not abuse his discretion and dismissed Mr. Robinson's appeal.

Mr. Robinson's argument under Amendment 535 concerns the 41 months he served in state custody for conduct that was the basis for his conviction on Count 42 of the Indictment (the 924(c) charge).  Count 42 was based on the defendant's participation in a robbery of another drug dealer in West Chester.  He was convicted in Chester County Court of Common Pleas for this robbery, and was sentenced to 3 to 10 years.  He had served this sentence before sentence was imposed by Judge Kelly in this case.  While Amendment 535 would apply to the defendant if he were sentenced now, he is not eligible for relief for a sentence imposed in 1994.  The Sentencing Commission has not made Amendment 535 retroactive and did not become effective until November 1, 2002.

Amendment 706, adopted by the Sentencing Commission last year increased the threshold quantities of crack cocaine required at all offense levels.  Prior to Amendment 706, a base level of 38 applied to offenses involving at least 1.5 kilograms of crack.

Amendment 706 provides that at least 4.5 kilograms of crack are required before a level of 38 applies.

The defendant was sentenced on the basis of an offense level of 38. Mr. Robinson stipulated in his plea agreement that his offense involved more than 15 kilograms of crack. Under the new guideline, i.e., Amendment 706, his base level would remain at 38. There is no basis, then, for a reduction of his sentence under the new crack cocaine amendments.

For these reasons, Mr. Robinson's petition for reduction of sentence will be denied. An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JACKIE K. ROBINSON | : | NO.  93-138-6 |

## ORDER

     **AND NOW**, this 8th day of January, 2009, upon consideration of the defendant's petition for reduction of sentence pursuant to 18 U.S.C. §3582, and after a consideration of the government's response to the petition, it is hereby **ORDERED** that the said petition is **DENIED.**

BY THE COURT:


/s/ Lawrence F. Stengel_____
LAWRENCE F. STENGEL, J.